**FILED**

4/23/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLYN E. O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  20-0607 (UNA) |
| | ) | |
| GOVERNMENT OF THE DISTRICT OF | ) | |
| COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

The plaintiff's complaint is not based on a federal question, notwithstanding its passing reference, *see* Compl. at 2, to the first paragraph of the United States Constitution.  Nor does the complaint allege diversity jurisdiction, as the parties all are citizens of the District of Columbia.  Furthermore, the complaint merely poses a question, *see id.* at 3, without articulating an actual legal claim for this Court to resolve.  Because the complaint establishes no basis for this Court's jurisdiction, the Court will dismiss the complaint and this civil action without prejudice.  A separate order accompanies this Memorandum Opinion.

DATE: April 23, 2020                                      /s/
                                                         AMY BERMAN JACKSON
                                                         United States District Judge